**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1075

AUTOMOTIVE FINANCE CORPORATION,

Plaintiff - Appellee,

v.

ELSHAN BAYRAMOV, an individual,

Defendant - Appellant,

and

CASPIAN AUTO HOUSE INC., d/b/a Caspian Auto Motors; CERTIFIED AUTO DEAL INC., d/b/a Certified Auto Deal; AUTOLINE OF VA INC., a Virginia corporation; EAE AUTO MOTORS INC., a Virginia corporation; BABAK M. BAYRAMOV,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:23-cv-01679-CMH-LRV)

Submitted:  May 21, 2024                           Decided:  May 24, 2024

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elshan Bayramov, Appellant Pro Se.  Nicholas J. Gehrig, BEAN, KINNEY & KORMAN, PC, Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elshan Bayramov appeals the district court's order granting Automotive Finance Corporation's ("AFC") motion for a preliminary injunction ("PI") in AFC's action against multiple car dealerships and two individual defendants, one of whom is Bayramov.  AFC moves to dismiss the appeal, asserting that Bayramov lacks standing to appeal the PI because AFC did not assert a PI claim against him.  We deny AFC's motion to dismiss. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("[A] party aggrieved by . . . order of a district court may exercise the statutory right to appeal therefrom."); *cf. McLaughlin v. Pernsley*, 876 F.2d 308, 313 (3d Cir. 1989) (finding no standing to appeal where PI "d[id] not directly *or indirectly* restrain [party] from the performance of any act" (emphasis added)).

We have therefore reviewed the record and conclude that the district court did not abuse its discretion in granting the PI.  *See Frazier v. Prince George's Cnty., Md.*, 86 F.4th 537, 543 (4th Cir. 2023) (providing standard of review and explaining that, "[t]o obtain the extraordinary relief of a preliminary injunction, a plaintiff must establish . . . that he's likely to succeed on the merits[,] . . . that he's likely to suffer irreparable harm if preliminary relief isn't granted[,] . . . that the balance of equities favors him[,] and . . . that an injunction is in the public interest" (internal quotation marks omitted)).  Accordingly, we affirm the district court's order. *Auto. Fin. Corp. v. Bayramov*, No. 1:23-cv-01679-CMH-LRV (E.D. Va. Jan. 5, 2024).

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4